UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL SHAWN SCROGGINS,<br><br>                  Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>                  Respondent. | Case No. 1:16-cv-00494-CWD<br>(lead case)<br><br>**SUCCESSIVE REVIEW ORDER and ORDER OF REASSIGNMENT** |
| MICHAEL SHAWN SCROGGINS,<br><br>                  Petitioner,<br><br>v.<br><br>STATE OF IDAHO and CANYON COUNTY DISTRICT COURT,<br><br>                  Respondents. | Case No. 1:22-cv-00394-CWD<br>(consolidated case) |

On November 16, 2022, the Court gave Petitioner Michael Shawn Scroggins an opportunity to file a combined amended petition governing these two consolidated habeas corpus cases. *See* Dkt. 10. Petitioner was informed that, if he did not file a timely consolidated petition, the Court would construe the petition filed in Case No. 1:22-cv-000494 as the operative amended petition in these cases. Petitioner has not done so. Accordingly, the Court will grant Petitioner's construed motion to amend and deem that motion to include the operative amended petition.

SUCCESSIVE REVIEW ORDER and ORDER OF REASSIGNMENT - 1

**REVIEW OF PETITION**

The Court is required to review every habeas corpus petition upon receipt to determine whether it should be served upon the respondent, amended, or dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**1.    Background**

In 1984, Petitioner was convicted in the Third Judicial District Court in Canyon County, Idaho, of first-degree murder and attempted rape. Petitioner's convictions were affirmed. Petitioner initially received the death penalty, but that sentence was overturned on appeal, and Petitioner was resentenced to fixed life imprisonment. *See Init. Rev. Order*, Dkt. 7, at 1.

In these consolidated habeas cases, Petitioner claims that his sentence is excessive. He appears to assert that, rather than "fixed life," an indeterminate life sentence is the maximum permissible punishment for his crimes under Idaho law. *See* Dkt. 11 at 3–4.

**2.    Discussion**

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law, such as claims of error during state post-conviction proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If Petitioner did not properly exhaust his claim in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claim. The Court will order the Clerk of Court to serve the Amended Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

### PETITIONER'S MOTION TO WAIVE CLERK'S RECORD AND TRANSCRIPT FEES IN IDAHO STATE COURT

Petitioner asks the Court to "waive" the clerk's record and transcript fees in his state court appeal. Dkt. 12. Petitioner states that the state court conditionally dismissed the appeal and appears to seek an order from this Court requiring the Idaho Supreme Court to waive Petitioner's state court fees and accept the appeal.

The Court construes Petitioner's Motion as a request for writ of mandamus. Because the Court lacks jurisdiction to issue such a writ to a state court, the Court will deny the Motion. *See Demos v. U.S. Dist. Court, E. Dist. of Wash.*, 925 F.2d 1160, 1161

(9th Cir. 1991). Any request that the Idaho Supreme Court reconsider its dismissal of Petitioner's state court appeal must be raised in that court.

## ORDER

**IT IS ORDERED:**

1. Petitioner's construed motion to amend the petition (Dkt. 11) is GRANTED. The Clerk of Court will re-docket Docket No. 11 as an "Amended Petition for Writ of Habeas Corpus," which will be the operative petition in these consolidated cases.

2. Petitioner's Motion to Waive Clerk's Record and Transcript Fees (Dkt. 12) is DENIED.

3. The Clerk of Court will serve (via ECF) a copy of the Amended Petition (Dkt. 11), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

4. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be

subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

5. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

8. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

9. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

10. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

11. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

12. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the

manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

13. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

14. Petitioner must at all times keep the Court and Respondent advised of any change in address.

15. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

16. Because it appears that Respondents State of Idaho and Canyon County District Court are not appropriate respondents in these case, *see* Habeas Rule 2(a), and because not all named parties have consented to the

jurisdiction of a United States Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, *see Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017), these consolidated cases are REASSIGNED to a United States District Judge.

DATED: December 8, 2022

Honorable Candy W. Dale
U.S. Magistrate Judge